UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ALVIN B. TRUESDALE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 23-92 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 13, 17 |
| | : | | |
| UNITED STATES PUBLIC HEALTH SERVICE., *et al*., | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

Plaintiff Alvin B. Truesdale, proceeding *pro se*, brings the instant action against the United States Public Health Service, the Centers for Disease Control and Prevention, the Department of Justice ("DOJ"), the Federal Bureau of Prisons, and various other components of those federal agencies (collectively, "Defendants"). Plaintiff's claims against Defendants arise under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Defendants now move to dismiss Plaintiff's complaint or, alternatively, for summary judgment. Plaintiff has cross-moved for summary judgment. For the reasons discussed below, the Court grants Defendants' motion for summary judgment and denies Plaintiff's cross-motion.

**II. BACKGROUND**

Plaintiff alleges that, on February 4, 2022, he sent a FOIA request to DOJ. *See* Compl. at 2–3, ECF No. 1. By June, Plaintiff had not received any reply or acknowledgment, so he sent a letter requesting an update on the "status" of that request. *See id.* at 3. When Plaintiff was met with radio silence, he sent two additional letters—one in October and another in November—

asking for information pertaining to his initial FOIA request. *See id.* Again, however, Plaintiff received no reply and thus, on January 11, 2023, he filed a lawsuit seeking to "compel[] the Defendants to disclose" the records Plaintiff had sought to uncover under FOIA. *See id.* at 6–8.

According to Defendants, they did not learn of Plaintiff's FOIA request until he filed suit. In fact, Defendants attest that they have "no record of receiving a FOIA request from Plaintiff" at any point in 2022. *See* Defs.' Statement of Material Facts ¶ 11, ECF No. 13. Defendants make this attestation after confirming that, upon receipt of Plaintiff's complaint, "[e]ach agency and its components searched their respective FOIA Units and did not locate any FOIA request from Plaintiff in February 2022." *See id.* ¶¶ 5, 11.

That being so, Defendants now move to dismiss Plaintiff's complaint, or, alternatively, for summary judgment. *See* Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss or Alternatively for Summ. J. ("Defs.' Mot."), ECF No. 13. Generally speaking, they argue that, because they never received Plaintiff's FOIA request, they were not obligated to search for records responsive to that request and, relatedly, that Plaintiff has failed to exhaust his administrative remedies. *See id.* at 3–5. Plaintiff opposes Defendants' motion, *see* Pl.'s Resp. to Defs.' Mot. to Dismiss or for Summ. J. in the Alternative ("Pl.'s Resp."), ECF No. 16, and has filed a cross-motion for summary judgment, *see* Pl.'s Mot. for Summ. J., ECF No. 17. The parties' motions are ripe for review. *See* Defs.' Combined Reply and Mem. in Opp'n to Pl.'s Cross-Mot. for Summ. J., ECF No. 20.

### III.  LEGAL STANDARD

Where, as here, a defendant argues that a FOIA plaintiff has failed to exhaust his administrative remedies, courts typically analyze the defendant's arguments through the lens of Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1260 (D.C.

Cir. 2003) (vacating the district court's summary judgment order and remanding the case with instructions to dismiss the complaint under Rule 12(b)(6) on exhaustion grounds); *Jean–Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) ("Although FOIA cases 'typically and appropriately are decided on motions for summary judgment,' where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim." (citations omitted)).  A different framework applies, however, if the defendant's motion references materials outside the pleadings.  In such cases, a court must treat the motion as one for summary judgment, not as one for dismissal based on failure to state a claim under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(d); *Colbert v. Potter*, 471 F.3d 158, 164 (D.C. Cir. 2006); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003); *see also Rosenberg v. U.S. Dep't of Immigr. & Customs Enf't*, 956 F. Supp. 2d 32, 36–43 (D.D.C. 2013).

       Here, Defendants' motion refers to—and relies upon—materials outside the pleadings.  *See* Defs.' Mot. at 2.  Specifically, Defendants rely on multiple declarations sworn to by employees of the federal agencies implicated in this suit.  *See* Decl. of Kara Christenson ("Christenson Decl."), ECF No. 13-1; Decl. of Alesia Y. Williams ("Williams Decl."), ECF No. 13-2; Decl. of Joseph E. Gerstell ("Gerstell Decl."), ECF No. 13-3; Decl. of Roger Andoh ("Andoh Decl."), ECF No. 13-4; Decl. of Carmen Smith Carter ("Carter Decl."), ECF No. 13-5.  And in responding to Defendants' motion, Plaintiff also introduces matters outside of the pleadings, such as his own sworn declarations and copies of his FOIA request.  *See* Pl.'s Resp. at 1; Decl. of Alvin B. Truesdale ("Truesdale Decl."), ECF No. 16-3.  The Court will therefore evaluate Defendants' motion under the summary judgment standard.

A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A "material" fact is one capable of affecting the substantive outcome of the litigation.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323.  In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial.  *See Celotex*, 477 U.S. at 324.  In considering a motion for summary judgment, a court must avoid "making credibility determinations," *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007), and analyze all underlying facts and inferences in the light most favorable to the non-movant.  *See Anderson*, 477 U.S. at 255.

Nevertheless, conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial.  *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249–50 (internal citation omitted).  "In addition, the non-moving party cannot rely upon inadmissible evidence to survive summary judgment; rather, the non-moving party must rely on evidence that would arguably be admissible at trial."  *Manuel v. Potter*, 685 F. Supp. 2d 46, 58 (D.D.C. 2010) (internal citations and quotation marks omitted).

## IV.  ANALYSIS

FOIA requires an agency to "determine within 20 days . . . *after the receipt*" of a properly submitted request "whether to comply with [the] request" and to notify the requester accordingly. 5 U.S.C. § 552(a)(6)(A)(i)) (emphasis added).  It is thus the "*receipt* of a FOIA request [that] triggers an agency's obligation to respond." *Eddington v. U.S. Dep't of Def.*, 35 F.4th 833, 837 (D.C. Cir. 2022) (emphasis added).  Put differently, "[a] federal agency has no obligation to respond to a FOIA request it has not received." *Kanaya v. Alcohol, Tobacco, Firearm & Explosives*, 284 F. Supp. 3d 1, 2 (D.D.C. 2018).  It therefore follows that "if an agency never received a plaintiff's FOIA request in accordance with its published rules, the agency is entitled to summary judgment as a matter of law." *Pinson v. U.S. Dep't of Justice*, 69 F. Supp. 3d 108, 114 (D.D.C. 2014).

When, as here, an agency moves for summary judgment on the ground that it has not received a plaintiff's FOIA request, the plaintiff bears the burden of demonstrating a genuine dispute as to the agency's receipt of the request.  *See id.*  The agency typically establishes its non-receipt of a request through a sworn declaration.  Such a declaration is—if relatively detailed and non-conclusory—afforded a presumption of good faith.  *Eddington*, 35 F.4th at 837; *see also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  That presumption cannot be rebutted with "purely speculative claims about the existence and discoverability of [the request]." *Eddington*, 35 F.4th at 837 (citation omitted).

In this case, each agency has provided a declaration attesting that they never received Plaintiff's FOIA request.  The agency's declarants describe in detail the role that he or she plays in the respective agency, his or her familiarity with the procedures surrounding FOIA requests, and states that the agency has no record of Plaintiff's request.  *See* Christenson Decl. ¶¶ 1, 8–9;

5

Williams Decl. ¶¶ 2, 4, 6; Gerstell Decl. ¶¶ 2–7; Andoh Decl. ¶¶ 2–7; Carter Decl. ¶¶ 1–3, 6–14. Moreover, Mr. Gerstell attests that DOJ's Mail Referral Unit—the only place Plaintiff claims to have sent his request—searched for both electronic and hardcopy FOIA requests but found no record of Plaintiff's FOIA request or his follow-up letters. *See* Gerstell Decl. at ¶ 7.  In light of the foregoing, the Court is satisfied that the agencies' declarations are entitled to the presumption of good faith. *See Eddington*, 35 F.4th at 837–38.

Plaintiff attempts to overcome the force of Defendants' sworn declarations by providing a copy of his FOIA request, copies of the follow-up letters he sent when he did not receive a response, and his own sworn declarations. *See, e.g.*, Truesdale Decl.; Pl.'s Exs. 1–3, ECF No. 16-4. But while this evidence supports Plaintiff's genuinely held belief that he properly *sent* the FOIA request, it does not create a genuine dispute of fact as to whether Defendants *received* the request. *See Eddington*, 35 F.4th at 839. In other words, Plaintiff's evidence, without more, does not create a genuine dispute of material fact as to any of the agencies' actual receipt of a FOIA request. *See, e.g.*, *Day v. U.S. Dep't of the Treasury*, No. 19-cv-3467, 2020 WL 4432239, at *3 (D.D.C. July 31, 2020) ("On summary judgment Plaintiff must produce some evidence to show that the IRS actually received a proper FOIA request."); *Reynolds v. U.S. Dep't of Justice*, No. 16-cv-1428, 2017 WL 1495932, at *2 (D.D.C. Apr. 26, 2017) (granting summary judgment for agency where "Plaintiff [did] not offer proof via, *e.g.*, a certified-mail receipt or any other form of mailing that his [FOIA requests] reached their intended target"). That being so, Defendants are entitled to summary judgment.[1]  *See, e.g.*, *Geddis v. Dep't of Homeland Sec.*, No. 23-cv-191, 2024 WL 663357, at *6 (D.D.C. Feb. 16, 2024) ("Because Plaintiff has failed to

---

[1] Because the Court grants Defendants' motion for summary judgment, the Court denies Plaintiff's cross-motion for summary judgment as moot.

create a dispute of material fact that [the federal agencies] received his FOIA/Privacy Act request prior to filing this civil action, summary judgment is entered on [defendant's] behalf."); *Kanaya*, 284 F. Supp. 3d at 3 (holding that "where, as here, an agency's declaration demonstrates that the prerequisites for triggering the agency's duties to search and produce responsive records have not been satisfied, and the agency's declaration stands unrebutted by competent evidence, the agency is entitled to summary judgment" (cleaned up)).

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment (ECF No. 13) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  July 30, 2024                                                                            RUDOLPH CONTRERAS
                                                                                                              United States District Judge